IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CYNTHIA ELAINE HUNTLEY                                              PLAINTIFF

vs.                                Civil No. 1:18-cv-01034

NANCY A. BERRYHILL                                                  DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cynthia Elaine Huntley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her DIB application on July 7, 2015. (Tr. 30). In her application, she alleges being disabled due to bilateral carpal tunnel syndrome, reflect sympathetic dystrophy syndrome, back injury, and migraines. (Tr. 234). Plaintiff alleges an onset date of May 10, 2006. (Tr. 26). This application was denied initially and again upon reconsideration. (Tr. 93-127).

Plaintiff requested an administrative hearing on her denied application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

request was granted. (Tr. 130-168). Plaintiff's administrative hearing was held on February 14, 2017 in El Dorado, Arkansas. (Tr. 43-88). At this hearing, Plaintiff was present and was represented by counsel, Mr. Rushing. *Id.* Plaintiff and Vocational Expert ("VE") Donald Rue testified at this hearing. *Id.* At the administrative hearing in this matter, Plaintiff testified she had a high school education. (Tr. 50). Plaintiff also testified she was fifty-three years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). (Tr. 49).

After this hearing, the ALJ entered an unfavorable decision on her disability application. (Tr. 23-40). In this decision, the ALJ found Plaintiff would last met the insured status requirements of the Act on December 31, 2020. (Tr. 28, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 7, 2014, her amended alleged onset date. (Tr. 28, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bilateral carpal tunnel syndrome, lumbar and cervical degenerative disc disease, right shoulder impingement, status-post left ankle fracture, lower extremity venous insufficiency, and hypertension. (Tr. 28-30, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30-31, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 31-34, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds tha the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can frequently use the upper extremities to grasp, finger, and feel.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 35, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Considering this testimony and Plaintiff's RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a personal attendant. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 7, 2014 through the date of his decision or through August 18, 2017. (Tr. 35, Finding 7).

Plaintiff sought review with the Appeals Council. On May 4, 2018, the Appeals Council denied this request for review. (Tr. 1-6). On June 25, 2018, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF No. 7, 13-14. This case is now ready for determination.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13 at 1-17. Specifically, Plaintiff raises two claims for reversal: (A) the ALJ erred in analyzing the medical records in her case; and (B) the ALJ erred by failing to consider his strong work history in his credibility assessment. ECF No. 13 at 1-17. The Court will address both of these arguments for reversal.

A. **Plaintiff's Medical Records**

Plaintiff claims the ALJ erred in considering her medical records. ECF No. 13 at 3-14. Specifically, Plaintiff claims the ALJ improperly discounted the findings of Dr. Jeremiah West, M.D., the SSA's consulting examiner. *Id.* Upon review, the Court finds Plaintiff's argument is without merit.

Dr. West observed Plaintiff had 5/5 muscle strength in all muscle groups, normal sensation, normal reflexes, and normal range of motion except for her left ankle. (Tr. 33, 473-477). Dr. West also made other findings that are consistent with a finding that she could be disabled. For instance, Dr. West opined Plaintiff could sit but would have difficulty with walking and lifting or carrying items over 10 pounds. *Id.* In his opinion, the ALJ considered these findings and stated the following: "This opinion based on a one-time examination, which essentially limits the claimant to sedentary work, is not supported by the plethora of unremarkable physical examinations during the relevant time periods (Exhibits 15F, 16F, 17F). Moreover, except for only slightly decreased grip strength, the claimant had otherwise normal strength, sensation, and reflexes." (Tr. 34).

Based upon this assessment, the Court cannot find the ALJ erred in assessing the findings of

5

Dr. West. *See Richmond v. Shalala,* 23 F.3d 1441, 1444 (8th Cir. 1994) (recognizing that the opinion of a consulting physician, who has seen a claimant only once, does not carry as much weight as treating doctors).

**B.      Work History**

Plaintiff argues the ALJ erred by not considering her "excellent work history." ECF No. 13 at 14-16. Upon review, the Court also finds this argument is without merit. The ALJ considered Plaintiff's PRW and her part-time work during the relevant time-period. (Tr. 28, 34). The ALJ made no adverse findings about Plaintiff's PRW from 1986 through 2015. This is true even though her ability to sustain part-time work indicates she retains the ability to perform SGA. *See Medhaug v. Astrue,* 578 F.3d 805, 813 (8th Cir. 2009) (recognizing it is proper for the ALJ to consider employment after an alleged onset date of disability because working generally demonstrates an ability to perform SGA). Thus, the Court finds no basis for reversal on this issue.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

6